**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTY WHITAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ERICK MALDONADO, et al., ) <br> ) <br> Defendants. ) <br> ) | No. CIV 07-264-TUC-CKJ <br> **ORDER** |

Pending before the Court are Plaintiff's Motion in Limine [Doc. # 75] and Plaintiff's Motion to Preclude Witness Katsaris [Doc. # 80]. Also pending before the Court is Plaintiff's oral motion to preclude evidence that the vehicle driven by decedent was stolen. Counsel presented argument to the Court on July 1, 2009.

*Plaintiff's Motion in Limine* (Doc. # 75)

Plaintiff seeks to preclude any evidence of the existence of a warrant for decedent's arrest for a Texas probation violation. Plaintiff asserts that Defendants were unaware of this information at the time of the incident and it is, therefore, irrelevant and is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 402 and 403. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401; *United States v. Federico*, 658 F.2d 1337 (9th Cir. 1981), *overruled on other grounds* (relevance is established by any showing, however slight, which makes a fact to be proven to the jury more likely than it was before the

admission of the evidence).. However, relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

Defendants assert, however, that such information is relevant to complete the story of decedent's criminal activities on the day of his death, by explaining his motive, reasons for fleeing from the police, and refusal to surrender. Further, Defendants assert such information is relevant to the claims of future loss of financial support and companionship of the decedent and claims as to future earning capacity (employability). Specifically, Defendants assert that, because Arizona is a comparative fault jurisdiction and Defendants are alleging that decedent's death was his own fault, including fleeing and refusing to surrender, the information is admissible to explain decedent's motive and reasons for fleeing and refusing to surrender. It completes the story and is evidence of fault that caused or contributed to decedent's death. Defendants cite to Arizona case law that provides that "completes the story" is an additional exception to Ariz.R.Evid. 404(b). *State v. Richmond*, 114 Ariz. 186, 193, 560 P.2d 41 (1976). However, the Federal Rules of Evidence are procedural and, therefore, apply in this case. *See e.g., Stroud v. Cook*, 931 F.Supp. 733, 736 (D.Nev. 1996); *In re Dow Corning Corp.*, 244 B.R. 634 (Bkrtcy.E.D.Mich. 1999).

Although evidence of other acts is not admissible to prove the character of an individual to show he or she acted in conformity therewith, evidence of other acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" FRE 404(b). However, evidence that is inextricably intertwined with the crime charged is not considered "other acts" evidence. "Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002), *quoting United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995); *see also Elliot v. Turner Const. Co.*, 381 F.3d 995, 1003-1004 (10th Cir. 2004) (in injured worker's negligence action

against contractor, evidence of subcontractor's alleged mistakes committed prior to installing bridge was intrinsic and essential to plaintiff's claim).

Whether labeled as "complete the story" or "inextricably intertwined," evidence of the probation violation and warrant is relevant to the motive and conduct of decedent. Although Plaintiff argues that it is speculative that decedent knew of the warrant and that its existence was a motive for fleeing and refusing to surrender to law enforcement, the parties may argue reasonable inferences that may be drawn from the evidence. *See Blankenship v. Hearts Corp.*, 519 F.2d 418, 427 (9th Cir. 1975); *see also United States v. Landrau-Lopez*, 444 F.3d 19 (1st Cir. 2006).

Furthermore, the evidence is relevant to the issue of damages:

> The general rule appears to be that the trier of fact is entitled to consider, on the issue of damages, decedent's characteristics and habits including his general ability, other occupations he was qualified to fulfill, his industriousness, disposition to earn, intelligence, manner of living, sobriety or intemperance, frugality or lavishness, and other personal characteristics that are of assistance in securing business or earning money, his age and life expectancy.

*Sheehan v. Pima County*, 135 Ariz. 235, 239, 669 P.2d 486, 490 (App. 1982). The Court finds that evidence of decedent's probation violation and arrest warrant are relevant.

Plaintiff also asserts that the evidence should be excluded as more prejudicial than probative:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403, Fed.R.Evid. "Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice." *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990). Indeed,

> [r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see also United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case."). Unfair prejudice "mean an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, Adv. Comm. Notes; *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650 (1997).

The evidence regarding decedent's probation violation and arrest warrant is relevant to raise an inference explaining decedent's conduct on the date of the incident. Furthermore, such evidence is highly relevant to the issues of damages. While the evidence may be prejudicial to Plaintiff, the Court finds that the danger of *unfair* prejudice does not substantially outweigh the probative value of the evidence. The Court will deny the motion.

*Plaintiff's Motion to Preclude Witness Katsaris* [Doc. # 80]

Plaintiff argues that expert witness Katsaris's testimony would be cumulative, unfairly prejudicial, and not helpful to the jury. Plaintiff asserts that the decision of reasonableness in an excessive force claim is best left to the jury:

> Although not necessarily barred by Fed.R.Evid. 704(a), expert testimony as to the reasonableness of the officer's action is only admissible to the extent that it will assist the trier of fact . . . Additionally, the Court is under a duty to avoid the needless waste of time in presentation of evidence and to avoid any unfair prejudice that substantially outweighs the probative value of the evidence, or which could mislead the jury in the same fashion, Fed.R.Evid. 611(a) and 403."

*Wells v. Smith*, 778 F.Supp. 7 (D.Md. 1991). Further, "[t]he question of reasonableness is quintessentially a matter of applying common sense and the community sense of the jury to a particular set of facts and, thus, it represents a community judgment. It would interfere inappropriately with that judgment process, mandated by Graham v. Connor, to allow expert testimony as to what reasonableness is, either abstractly or as applied." *Id*. Indeed, Plaintiff argues that expert testimony on the reasonableness of an officer's action is not "otherwise admissible" when it is based upon facts presented to the expert by the party offering the

expert's opinion. *Shahid v. City of Detroit*, 889 F.2d 1543 (6th Cir. 1989).

Defendants assert, however, that other cases find that the admission of such expert testimony is appropriate. *See Kopf v. Skyrm*, 993 F.2d 374, 378 (4th Cir. 1993); *Richman v. Sheahan*, 415 F.Supp.2d 929, 940 (N.D.Ill. 2006); *United States v. Perkins*, 470 F.3d 150, 159-60 (4th Cir. 2006); *see also Davis v. Mason County*, 927 F.2d 1473 (9th Cir. 1991), *superceded by statute on other grounds* (expert permitted to testify that sheriff was "reckless" in failing to train deputies and that there was a causal link between that recklessness and plaintiff's injuries); *Samples v. City of Atlanta*, 916 F.2d 1548 (11th Cir. 1990). Indeed, "[u]nder the Federal Rules of Evidence expert testimony on police practices should ordinarily be admissible, on the ground that it will be of assistance with respect to issues with which the average juror is less familiar than the expert." Michael Avery, David Rudovsky, Karen Blum, *Police Misconduct: Law and Litigation* § 11:15 (2008). "The trial judge maintains wide discretion in determining whether expert testimony would aid the jurors in their understanding of the issues even where they might have a general knowledge of the subject matter. Doubts about the usefulness of expert testimony should be resolved in favor of admissibility." Lane Goldstein, *Trial Technique* § 14:3 (2009).

Plaintiff also argues that testimony about the reasonableness of an officer's actions in an excessive force case may amount to a legal conclusion, which is impermissible, and should be precluded. *Shahid v. City of Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989). While expert may not give an opinion as to a legal conclusion, *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999); *United States v. Duncan*, 42 F.3d 97, 101 (2nd Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."), that does not preclude the expert here – the expert can present "testimony comparing conduct of parties to the industry standard" without making a legal conclusion. *Estate of Bojcic v. City of San Jose*, 2007 WL 3314008 \*2 (N.D.Cal. 2007). The Court finds that preclusion of the expert testimony is not appropriate.

*Plaintiff's Oral Motion to Preclude Evidence that the Vehicle was Stolen*

Plaintiff has also requested that evidence that the vehicle driven by decedent was stolen, as opposed to reported stolen, as irrelevant. Counsel for Defendants stated during that hearing that it was his intention to present the testimony of the owner of the truck; the owner would testify that the truck had been stolen the night before, the truck had a Lojack system, the owner did not know the decedent, and the decedent did not have authorization or permission to use the truck. Defendants argue that precluding the admission of this evidence would permit Plaintiff to suggest that the decedent was in lawful possession of the vehicle.

As previously stated, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Whether the vehicle was stolen or reported as stolen is not a fact that is of consequence to the determination of the action. There is no reason to conclude that this fact would have changed the conduct of any person involved in the incident. The Court finds, therefore, that evidence (through the owner of the vehicle or otherwise) that the truck had been stolen the night before, that the owner did not know the decedent, and that the decedent did not have authorization or permission to use the truck is not relevant. Moreover, any potential relevance is substantially outweighed by considerations of unfair prejudice, undue delay and waste of time. *See* Fed.R.Evid. 403.

However, the Court agrees with Defendants that, if Plaintiff presents any evidence suggesting that decedent was in lawful possession of the vehicle, such evidence would become relevant. Further, should the door be opened in this manner, considerations of unfair prejudice, undue delay and waste of time would not substantially outweigh the relevance. The Court, therefore, will grant the oral motion. If the door is opened by Plaintiff, counsel shall seek to discuss this issue outside the presence of the jury.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion in Limine [Doc. # 75] is DENIED.

2. Plaintiff's Motion to Preclude Witness Katsaris [Doc. # 80] is DENIED.

3. Plaintiff's oral Motion to Preclude Evidence that the Vehicle was Stolen is GRANTED.

DATED this 2nd day of July, 2009.

_____
Cindy K. Jorgenson
United States District Judge